# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00789-CV

**Samuel Adjei Sarfo, Appellant**

**v.**

**Commission for Lawyer Discipline, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST DISTRICT
### NO. D-1-GN-18-003392, HONORABLE ALBERT M. MCCAIG, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Samuel Adjei Sarfo filed a notice of appeal in November 2018. In his notice of appeal, he states that he is filing a "collateral appeal on all portions of the signed order denying his plea to the jurisdiction and that which granted Petitioner's summary judgment and found that he has violated Rule 8.04(a)(7) and Rule 8.04(a)(11) of the Texas Disciplinary Rules of Professional Conduct."

On January 22, 2019, the Clerk of this Court sent notice to Sarfo that this Court appeared to lack jurisdiction over this appeal because this Court generally is limited to appeals in which there exists a final judgment or appealable order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (listing orders that are subject to interlocutory appeal); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory

exceptions, is that an appeal may be taken only from a final judgment"). The Clerk requested a response explaining how this Court may exercise jurisdiction over this appeal.

Sarfo has filed a response, but he has failed to demonstrate this Court's jurisdiction over this appeal. Sarfo argues that the order granting the Commission for Lawyer Discipline's motion for partial summary judgment was a final judgment because it disposed of all parties and issues. Sarfo, however, does not dispute that the "sanctions phase" remains pending before the trial court. The Commission filed its disciplinary petition against Sarfo, seeking judgment that Sarfo "be disciplined as the facts shall warrant and that [the Commission] have such other further relief to which [it is] entitled, including costs of court and attorney's fees." After the trial court entered its order granting the Commission's motion for partial summary judgment, it entered a scheduling order setting trial for February 21, 2019. *See* Tex. R. Disciplinary P. 3.09 (addressing judgment in disciplinary proceeding against attorney), 3.10 (addressing imposition of sanctions), 3.15 (authorizing appeals from "final judgment of the district court and any order revoking or refusing to revoke probation of a suspension from the practice of law").

Sarfo also argues that the appeal "raises the question of the jurisdiction of the Court, and any ruling on it is appealable at any time." The trial court's order denying his plea to the jurisdiction, however, is not among the types of orders subject to interlocutory appeal. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from order granting or denying plea to jurisdiction by governmental unit).

Because we conclude that we do not have jurisdiction over this appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

2

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:   February 12, 2019